The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On 17 April 1993, the date of plaintiff's back injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant-employer.
3. On 17 April 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
4. The parties' stipulated in their Agreement for Compensation for Disability that plaintiff's average weekly wage was $413.92, but that these wages were subject to modification. In their Pre-Trial Agreement, the parties stipulated that plaintiff's average weekly wage was $336.96, subject to verification by an Industrial Commission Form 22, Wage Chart. No Wage Chart has been submitted. Subject to a determinative stipulation to the contrary, the undersigned accepts that plaintiff's average weekly wage was $413.92.
5. As a result of her injury, plaintiff was temporarily totally disabled for various periods beginning on 18 April 1993 and continuing through 21 September 1993.
EVIDENTIARY RULINGS
The objections appearing in the depositions of Dr. Joyce and Ms. Putnam are OVERRULED, except for those appearing on pages 14 and 15 of Dr. Joyce's deposition and on pages 9 and 10 of Ms. Putnam's deposition, which are SUSTAINED.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was thirty-seven years old. She was married and had two children. Plaintiff first worked for defendant-employer in 1981. Between 1981 and 17 April 1993, plaintiff terminated her employment with defendant-employer on three occasions. While employed by defendant-employer, plaintiff had worked as a yarn servicer, a winder and a twister.
2. On 17 April 1993, while performing her usual duties, plaintiff bent over to reach into a bobbin bin. When she bent over, plaintiff experienced a sharp pain in her lower back that radiated into her left leg. As a result of this incident, plaintiff sustained a lumbar strain.
3. Plaintiff first sought medical treatment at an emergency room. Thereafter, plaintiff presented to Dr. Bowling. Plaintiff's appointment with Dr. Bowling was made by defendant-employer. Dr. Bowling referred plaintiff to Dr. Finger, a neurosurgeon, who first evaluated plaintiff on 4 May 1993.
4. After performing certain diagnostic studies, Dr. Finger prescribed physical therapy. On 26 May 1993, Dr. Finger released plaintiff to return to work for defendant-employer as a sweeper. Plaintiff attempted to return to work as a sweeper but was unable to perform those duties due to continued back and leg pain. Plaintiff later attempted to return to work as a winder. Plaintiff's continued pain prevented her from successfully performing the duties of a winder.
5. After her unsuccessful return to work as a sweeper, Dr. Finger referred plaintiff to a rehabilitation center. Thereafter, Dr. Finger referred plaintiff to Southeastern Pain Center where she was evaluated and treated by Drs. Romanoff and Miller. Dr. Romanoff released plaintiff to return to work on 28 October 1993. Plaintiff did not return to work on 28 October 1993.
6. On 1 November 1993, defendant-employer terminated plaintiff because she had not called in or provided medical excuses for her absences since 28 October 1993. On that date, plaintiff telephoned defendant-employer regarding her need to obtain a refill of the medication which had been prescribed for her back injury. At that time, defendant-employer notified plaintiff that she had been terminated for having three consecutive unexcused absences. Defendant-employer's policy was to terminate employees having three unexcused absences.
7. On 5 November 1993, Dr. Miller excused plaintiff from returning to work until 22 November 1993. At the time of her termination, plaintiff was incapable of performing any of the work that had been made available to her by defendant-employer. Plaintiff has not sought or obtained employment since 1 November 1993.
8. Prior to her treatment at Southeastern Pain Center, plaintiff presented to Drs. Weathers and Joyce. Defendants did not authorize plaintiff to obtain treatment from these physicians. Plaintiff did not seek the Industrial Commission's approval of these physicians' treatment within in a reasonable period of time.
9. As a result of her injury on 17 May 1993, plaintiff was incapable of earning wages with defendant-employer, or any other employer, from 18 May 1993 through the date of the hearing in this matter.
10. Plaintiff's back strain will not benefit from surgical intervention. Since plaintiff is not a candidate for surgical intervention, Dr. Finger is unable to provide plaintiff with additional treatment which would tend to effect a cure, give relief or lessen plaintiff's period of disability.
11. Plaintiff would benefit from additional medical treatment, including physical therapy and pain management therapy.
12. The evidence of record is insufficient to prove by its greater weight that plaintiff's alleged depression resulted from the incident on 17 April 1993.
13. Plaintiff has not reached maximum medical improvement.
14. Plaintiff's average weekly wage was $413.92.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 17 April 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of her injury on 17 April 1993, plaintiff is entitled to payment of temporary total disability compensation at the rate of $275.96 per week from 18 April 1993 and continuing until further order of the Industrial Commission allowing defendants to cease payment of temporary total disability compensation. N.C. Gen. Stat. § 97-29; Radica v. Carolina Mills,113 N.C. App. 440, 439 S.E.2d 185 (1994); Watkins v. Motor Lines,279 N.C. 132, 181 S.E.2d 588 (1971).
3. Defendants are entitled to a credit in an amount equal to the compensation previously paid plaintiff pursuant to the parties' Agreement for Compensation for Disability and two Supplemental Memorandums of Agreement as to Payment of Compensation.
4. Plaintiff is entitled to payment of all medical expenses incurred as a result of her injury on 17 April 1993 for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen her period of disability. N.C. Gen. Stat. § 97-2(19); N.C. Gen. Stat. § 97-25.
5. Plaintiff is not entitled to payment of the medical expenses she incurred as a result of the treatments and evaluations provided by Drs. Weathers and Joyce. N.C. Gen. Stat. § 97-25; Schofield v. Great Atl. Pac. Tea Co., 299 N.C. 582,264 S.E.2d 56 (1980).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff temporary total disability compensation at the rate of $275.96 per week from 18 April 1993 and continuing until further order of the Industrial Commission allowing defendants to cease payment of temporary total disability compensation. To the extent that the compensation due plaintiff has accrued, it shall be paid in a lump sum, subject to the credit due defendants under paragraph 2 and the attorney's fee approved for plaintiff's attorney in paragraph 4 of this Award.
2. Defendants shall receive a credit against the compensation due plaintiff in an amount equal to the compensation previously paid plaintiff pursuant to the parties' Agreement for Compensation for Disability and two Supplemental Memorandums of Agreement as to Payment of Compensation.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of her injury on 17 April 1994 for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen her period of disability.
4. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under paragraph 1 of this Award shall be deducted from that amount and paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that amount and paid directly to plaintiff's attorney. Thereafter, plaintiff's attorney shall receive every fourth compensation check due plaintiff.
5. Defendants shall pay the costs, including an expert witness fee of $240.00 for Dr. Finger.
FOR THE FULL COMMISSION
 S/ _______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CMV/cnp/mj 7/12/96